IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 5, 2022

**TARENCE NELSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 10-02396          Chris Craft, Judge**

_____

**No. W2021-00896-CCA-R3-ECN**

_____

After being convicted of two counts of first degree murder, Tarence Nelson, Petitioner, sought a direct appeal and post-conviction relief. *See State v. Tarence Nelson*, No. W2011-02222-CCA-R3-CD, 2013 WL 12185279, at *1 (Tenn. Crim. App. May 24, 2013), *perm. app. denied* (Tenn. Oct. 16, 2013); *Tarence Nelson v. State*, No. W2017-02063-CCA-R3-PC, at *1 (Tenn. Crim. App. Aug. 12, 2019), *perm. app. denied* (Tenn. Jan. 15, 2020). Petitioner was not successful in either appeal. Petitioner sought relief via the writ of error coram nobis while the post-conviction petition was pending. That petition was ultimately dismissed. Petitioner filed another petition for writ of error coram nobis. It was summarily dismissed on the basis that it was untimely. After a review, we affirm the judgment of the criminal court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Tarence Nelson, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was indicted for two counts of first degree murder for the shooting of the victim and her unborn child. *State v. Tarence Nelson*, 2013 WL 12185279, at *1. After a jury trial, Petitioner was convicted of both counts and sentenced to consecutive life

sentences. *Id.* The convictions were affirmed on direct appeal and the Tennessee Supreme Court denied review. *Id.*

In a timely petition for post-conviction relief, Petitioner argued that he received ineffective assistance of counsel. *Tarence Nelson v. State*, 2019 WL 3777030, at *5. After counsel was appointed, the post-conviction court held an evidentiary hearing. *Id.* The post-conviction court denied relief and the Tennessee Supreme Court again declined to review the case. *Id.*

During the pendency of the post-conviction petition, Petitioner sought coram nobis relief and filed a motion to reopen his petition for post-conviction relief. These matters were stayed until the conclusion of the post-conviction proceedings. After this Court denied post-conviction relief, the petition for writ of error coram nobis and the motion to reopen the petition for post-conviction relief were dismissed in an order. Petitioner did not seek an appeal.

Instead, Petitioner filed a second petition for writ of error coram nobis on June 11, 2020.[1] In the petition, Petitioner asked to have two guns subpoenaed so that he could attempt to secure a retrial of his case in the hopes that a new jury would believe his theory of self-defense. The coram nobis court determined that the evidence of the guns was not newly-discovered because Petitioner knew about the guns at the time of trial. Moreover, the coram nobis court determined that the evidence would not have resulted in a different judgment. Finally, the coram nobis court found that the petition was untimely and that equitable tolling was not warranted because Petitioner could have presented these claims in any number of previous pleadings, including the post-conviction, motion to reopen the post-conviction, or first error coram nobis petition. Petitioner timely appealed.

*Analysis*

On appeal, Petitioner argues that the coram nobis court erred in dismissing the petition for relief via the writ of error coram nobis. The State disagrees, arguing that the petition was properly dismissed because it was untimely, equitable tolling was not justified, and Petitioner was not entitled to relief.

A petition for a writ of error coram nobis must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of coram nobis relief, a

---

[1] It appears that Petitioner also filed a petition for fingerprint analysis, though we have been unable to locate this petition in the appellate record. In the order denying coram nobis relief, the trial court appointed counsel on that petition. A later entry in the technical record indicates that counsel's motion to withdraw was granted and substitute counsel was filed.

judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). It has been the "longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Id.* "Although the State bears the burden of raising the statute of limitations as an affirmative defense, its failure to do so does not necessarily result in a waiver" so long as "'the opposing party is given fair notice of the defense and an opportunity to rebut it.'" *Wilson v. State*, 367 S.W.3d 229, 234 (Tenn. 2012) (quoting *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995)).

Despite the one-year statute of limitations, due process considerations may require tolling the statute of limitations. *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010), overruled by *Nunley v. State*, 552 S.W.3d 800 (Tenn. 2018)(citing *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001)). Our supreme court has held that, "before a state may terminate a claim for failure to comply with procedural requirements, such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Workman*, 41 S.W.3d at 102 (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). A court must balance the State's interest in preventing stale and groundless claims with the petitioner's interest in obtaining a hearing to present a later-arising ground for relief. *Harris*, 301 S.W.3d at 145 (citing *Workman*, 41 S.W.3d at 103). As a general rule, the claim at issue must not have existed during the limitations period to trigger due process consideration. *Seals v. State*, 23 S.W.3d 272, 278 (Tenn. 2000). Ignorance as to the existence of a claim does not create a "later-arising" claim for due process purposes. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 635 (Tenn. Crim. App. 1994). Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness. *Harris*, 301 S.W.3d at 145.

We agree with the State that Petitioner's claim fails for the reasons espoused by the coram nobis court. First, his petition for writ of error coram nobis is untimely in that it was filed well beyond the expiration of the statute of limitations. Second, Petitioner knew about the guns which were the basis of the petition for writ of error coram nobis at the time of trial. As such, the evidence presented was not newly discovered evidence that would affect the outcome of the trial. *See* T.C.A. § 40-26-105(b).

Finally, Petitioner could have litigated this issue in any number of his prior appeals. The writ of error coram nobis "is not a 'catch-all' remedy that enables convicted persons to litigate and relitigate the propriety of their convictions *ad infinitum*." *Harris*, 301 S.W.3d at 148 (Koch, J., concurring) (internal quotation and citation omitted). Petitioner is not entitled to relief.

*Conclusion*

The coram nobis court did not abuse its discretion in dismissing the petition for relief. Accordingly, the judgment of the coram nobis court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE